Mr. Justice MacArthur
delivered the opinion of the court. After stating the case, he continued as follows:
The first objection made to this motion is, that the portion of the original decree directing that the complainant have and l’ecover of the defendant Dodge any balance remaining unsatisfied over and above the sales of the property, is a decree in personam- and interlocutory. We think, however, that, after the affirmance of that decree by the Supreme Court upon his own general appeal, he is estopped from raising this point now. It is a matter of settled practice that all interlocutory orders or decrees are subject to review and revision by an appellate tribunal upon an appeal from a final decree in the same cause, and that whatever might have been properly decided is to be considered as settled and finally determined. The appeal was general; the affirmance being equally general, how can we limit its effect ? Moreover, it was the defendant’s own appeal. A decree of foreclosure was before the Supreme Court in Noonan v. Lee, 2 Black, 499, which contained a clause that the mortgagor should pay the balance which riaight remain unsatisfied after exhausting the proceeds of the mortgaged premises, and the court considered it and reversed that part of the decree, and the competency of the court to do this was not questioned. A decree of foreclosure and sale of mortgaged premises is such a final decree as may be appealed to the Supreme Court. (Ray v. Low, 3 Cranch, 179.) And the present case is quite analogous, and undoubtedly the defendant would have been entitled to the full benefit of the objection he now makes, if it were a valid one, had it been called to the consideration of the appellate tribunal. In the case of Noonan v. Lee the court announced *534 that, in the absence of a rule authorizing a decree for a deficiency, it was not competent for the Circuit Courts to make an order of that description, and that they could not assimilate their practice in this particular to that of the State courts. In 1864 the Supreme Court, for the purpose of setting this difficulty aside, adopted a general rule of practice in the Circuit Courts of the United States for the foreclosure of mortgages, which prescribes that a decree may be rendered for any balance that may be found due over and above the proceeds of sales. (1 "Wall., 5.) In addition to our genei’al jurisdiction, we possess that of Circuit Courts, and our practice is regulated by the rules prescribed for those courts where we have none of our own. The bill in this case prays that the property be sold and for a judgment against Dodge. Now, if the decree in this case is analogous to that in a foreclosure suit, (and this seems to be admitted,) there can be no objection under this rule to that part of it now under consideration. Besides, our own equity rule 84 provides that “final process to execute any decree may, if the decree be solely for the payment of money, be by a'writ of fieri facias,” &c.; and section 808 of the Revised Statutes of the District of Columbia gives a similar power in all proceedings to enforce liens by bill in equity. The tedious process of English chancery for enforcing decrees have been done away not only here, but the same object has been obtained by the 1 and 20 Victoria, chapter 110, section 18, which directs that all decrees and orders of courts of equity, by which any sum of money or costs shall be payable to any person, shall have the effect of judgments at law, and the general orders of the court provide for the same process of executions as at law. (Adams Eq., 395.) We have, by this practice,, a simple method of giving effect to a decree for the payment of money. When the decree provides that the defendant shall pay, it is then only necessary to ascertain the amount. This has been done, and it only remains to perfect the decree as to the sum of the deficiency, and then to issue the execution against the property of the defendant as on a judgment at law.
*535 As these observations dispose of the case, we will pursue the subject no further. The motion is allowed, and the solicitor for complainant may prepare the necessary order.